UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MARIA MUSA-VEGA,

    Plaintiff,

v.

JOSE A. ROSARIO-MELENDEZ and
MUNICIPALITY OF CATAÑO,

    Defendants.

Civil No. 09-2003 (JAF)

# **O R D E R**

Plaintiff alleges that Defendants discriminated against her on the basis of her pregnancy, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e to e-17; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101–12213. (Docket No. 12.) She also alleges interference with her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601–2654. (Id.) She claims that these violations amounted to a violation of her rights under the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, applied via 42 U.S.C. § 1983. (Id.) Defendants move for summary judgment under Federal Rule of Civil Procedure 56(c). (Docket Nos. 21; 22.) Plaintiff opposes (Docket Nos. 26; 28), and Defendants respond (Docket Nos. 37; 38).

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[1] A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). In evaluating a motion for summary judgment, we view the record in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant carries the burden of establishing that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). "Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must 'produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue.'" Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006) (quoting Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999)). The nonmovant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

Defendants argue that they are entitled to summary judgment on the discrimination claims because, inter alia, Plaintiff cannot carry her burden of establishing that any adverse

---

[1] A revised Federal Rule of Civil Procedure 56 took effect December 1, 2010, but we apply Rule 56 in the form it took on the date this motion was filed, September 27, 2010 (Docket No. 21).

Civil No. 09-2003 (JAF)                                              -3-

employment action was motivated by discriminatory animus.[2] (Docket No. 21.)  As to the FMLA claim, Defendants argue that Plaintiff can show no interference with her rights invoked under the act, because Plaintiff never actually invoked those rights. (Id.)  Finding that Defendants prevail on both, we need not consider their other arguments.

When considering a Title VII claim of discriminatory discharge upon a motion for summary judgment, we may "dispense with strict attention to the [Title VII] burden-shifting framework, focusing instead on whether the evidence as a whole is sufficient to make out a jury question as to pretext and discriminatory animus."[3]  Gomez-Gonzalez v. Rural Opportunities, Inc., No. 09-2557, 2010 WL 4884431, at *6 (1st Cir. Dec. 2, 2010). "Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." Id. (quoting Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997)).  Absent evidence of discriminatory animus, Plaintiff

---

[2] We note that at the November 30, 2010, pretrial conference, Plaintiff appeared to have abandoned her claims of discrimination, focusing instead on her entitlement to compensation and reinstatement under the FMLA. For the sake of completeness, however, we briefly address the inadequacy of her discrimination claims.

[3] Plaintiff's complaint included a claim of disparate impact (Docket No. 12 at 9–10), which does not require evidence of discriminatory animus, see, e.g., Prescott v. Higgins, 538 F.3d 32, 41 (1st Cir. 2008). It does, however, require Plaintiff to identify a particular employment practice that results in a disparate impact on persons with some characteristic protected under Title VII. See id. Plaintiff has failed to identify any such practice, focusing instead on Defendants' treatment of her in particular. (See Docket Nos. 12; 26.)

Civil No. 09-2003 (JAF)                                                                                                    -4-

likewise cannot prove discriminatory discharge under the ADA. See Richardson v. Friendly Ice Cream Corp., 594 F.3d 69, 74 (1st Cir. 2010) (noting that proof of discriminatory discharge under ADA requires showing that discharge was "because of" disability).

      Plaintiff claims that Defendant terminated her employment approximately one month after she became pregnant. (See Docket No. 12 at 2.) She also claims that, prior to the termination, she had discussed her pregnancy with coworkers, including at least one human resources officer. (Id.) Defendants, to rebut any inference that the termination was based on her pregnancy, claim that Plaintiff was subject to automatic termination, given that she was a trust employee within the mayor's office and that, with the change of the administration, all trust employees who did not resign were terminated by rote.[4] (Docket No. 21 at 5; see also Docket No. 22-10 (termination letter).) Plaintiff, to establish this as pretext, argues that her position cannot be categorized as a "trust" position and that, therefore, she was never subject to said automatic termination. (Docket No. 26 at 6, 9.)

      We find Plaintiff's argument of pretext unavailing. There is ample evidence on record showing that the position Plaintiff held from April 1, 2005, until her termination on January 29, 2009, was a trust position. (See, e.g., Docket Nos. 22-5 at 1; 22-11 at 1; 22-13

---

[4] For trust employees who, prior to the trust appointment, had held career positions within the mayor's office, the ordinary course of action was to reassign that employee to his or her former position once the administration changed. (See Docket No. 21 at 4.) This practice was inapplicable to Plaintiff, however, because the position she held prior to the trust position was a fixed-term temporary position. (See, e.g., Docket Nos. 22-1 at 1; 22-2 at 1; 22-3 at 1–9.) Further evidence that Plaintiff's position prior to the trust position was not a permanent career position is Plaintiff's letter dated April 3, 2006, after she assumed the trust position, requesting that she be considered for a permanent position. (See Docket No. 22-9 at 3–4.)

Civil No. 09-2003 (JAF) -5-

at 6, 9; 22-15 at 5.) Plaintiff herself testified that it was a trust position. (Docket No. 22-16 at 12, 15.) And in her complaint, Plaintiff indicated that hers was a "cabinet" position when she compared Defendants' treatment of her to their treatment of other "cabinet employees." (Docket No. 12 at 9–10.) Aside from this failing argument, Plaintiff offers no explanation or evidence showing that her apparently-routine termination was pretext for discrimination on the basis of her pregnancy.[5]

As for Plaintiff's FMLA claim, we find that Plaintiff has submitted no evidence to show that she had invoked her rights under the FMLA prior to her termination.[6] (See Docket No. 26.) When pressed on the point at the November 30, 2010, pretrial conference, Plaintiff's counsel averred that, regardless, once Plaintiff became pregnant and made her pregnancy known to her employer, the FMLA immunized her from subsequent termination. This assertion is clearly erroneous, see, e.g., Fantini v. Salem State College, 557 F.3d 22, 35 (1st Cir. 2009) (citing 29 C.F.R. § 825.216 and finding that FMLA affords no protection to an employee who is "fired for appropriate cause," even if that employee happens to be out on FMLA leave at the time), and we are particularly troubled by having heard it from an

---

[5] We also note evidence on the record that the person who filled Plaintiff's trust position following Plaintiff's termination is a woman who, at the time of discovery in this case, was pregnant. (Docket Nos. 22-13 at 10; 22-15 at 4.)

[6] Under the FMLA, "it is unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any FMLA right." Mellen v. Trs. of Bos. Univ., 504 F.3d 21, 26 (1st Cir. 2007).

Civil No. 09-2003 (JAF) -6-

attorney who specializes in prosecuting violations of employment protection laws. We warn Plaintiff's counsel that he shall refrain from misleading this court. <u>See</u> Fed. R. Civ. P. 11.

For the foregoing reasons, we hereby **GRANT** Defendants' motion for summary judgment (Docket No. 21), and **DISMISS** Plaintiff's complaint (Docket No. 12) in its entirety.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 13th day of December, 2010.

    s/José Antonio Fusté
    JOSE ANTONIO FUSTE
    Chief U.S. District Judge